Mr. Porter. Good morning, Your Honors. My name is David Porter. I'm an assistant federal defender from Sacramento, and I represent the appellate Adam Barboza. I'd like to first address Judge Barzon's question, because I think it's crucially important. Can the Court look at the underlying facts of the prior, or is it restricted, as it is in federal cases, to the record and the label of the conviction? Do we use a modified categorical approach, categorical approach? It seems like the United States Supreme Court is not looking at these cases like the federal cases and using a categorical or modified categorical approach, as it does in Taylor. Instead, in the case of Ewing v. California, that was before the Supreme Court, Mr. Ewing, his current crime was grand theft. He stole three golf clubs worth $399 each. That was his current offense. The priors were four burglaries and one robbery. And the United States Supreme Court, in a 5-4 decision upholding the conviction against an Eighth Amendment challenge, did look at the underlying circumstances of the burglaries and the robberies and noted that in one of the robberies a knife was used. That seemed to be an important factor for the United States Supreme Court. And, indeed, this Court, in Ramirez v. Castro, also took that to heart and said, we're not going to be bound by labels. Robbery, of course, is the taking of personal property from another by force or fear. But this Court very carefully looked at the underlying circumstances of Mr. Ramirez's priors. In one case, he took merchandise from a store and pushed the security guard with an open hand. Probably shoplifting, but because he pushed the guard with the security guard with an open hand, the Riverside County District Attorney's Office chose to prosecute this as a robbery, not as a shoplifting. In the other robbery prior, his confederate ran over the security guard's foot while they were leaving after they shoplifted some merchandise. That, too, the District Attorney's Office in Riverside chose to prosecute that as a robbery instead of a shoplifting. So this Court was very careful to look beneath the label robbery and say, are these crimes really violent? And it concluded, no, they were not violent. And in Ramirez, this Court reversed the district or affirmed the district court's grant of habeas relief in that case. I suggest the same approach should be used. Actually, it's required that this Court use the same approach as in Ramirez. This Court is obviously bound by prior Ninth Circuit precedent. But for those that did, in fact, have two priors that involved shooting, is that not right? That's correct. They did involve shootings, but as we noted in our brief, the important part of looking beyond the label of the priors is that in this case, the two strike priors were suffered in a single proceeding as they were under Ramirez. And as the magistrate judge in this case even noted, they resulted from a single transaction in a single day. The other important point in this case that I think this Court should note is that in Ramirez, there was a five-year gap between the priors and the current offense. In this case, there were – there was a 19-year gap. The priors arose in 1980. And in light of that, I would urge this Court to follow the Ramirez court, reverse the district court, and grant Mr. Barbosa relief on his Eighth Amendment claim. Thank you.   Thank you. Thank you. Unless there are further questions? Let's try this. He spent five years in prison previously. Is that right? Having been sentenced to nine? That's correct. Okay. All right. You may reserve the remainder of your time. Thank you very much. Cancel. Thank you. May it please the Court, Raymond L. Brosterhouse, Deputy Attorney General for Respondent and Appellee. We, of course, the court, of course, faces the essential formulation was the state court, in this case, the Merced County Trial Court, which was the final reasoned opinion on the matter, was their application of controlling the United States Supreme Court precedent objectively unreasonable. In other words, is this the exceedingly rare and extreme case spoke to in Andrade and Ewing? In this case, we are not addressing a life sentence that is the result of a handful of property crimes that do not involve weapons, violence, or prison terms. Rather, we are dealing with a case where the priors were extremely serious. Well, there was essentially one prior, and it was 20 years before. Is that basically right? Excuse me? It was basically one prior. I mean, there were two incidents, two convictions, but one incident 20 years before. There were a string of – there was a string of criminality, but the charged prior did happen or the transaction involving the charged priors was 20 years earlier. What do you mean by a string of criminality? You mean afterwards? Yes. If one looks at the listing in the district court's F&Rs, after he was sentenced to prison for five years, so he did go to prison. He violated his parole, and so he was returned to prison. And then there is a list of crimes every year or two up until the time of the commitment offense. Now, when one speaks of that 20 years, I think there's a suggestion that – I understand, again, that we seem to do things that way, but none of those were what he was being convicted of. He was being convicted of the crime for which he was convicted and the two charged priors, and everything else that happened was not what he was being sentenced for. Yes, Your Honor. But I would just note that any suggestion that the 20 years supports an inference of rehabilitation or a crime-free life is simply not there. Well, he certainly did nothing like that again. Yes, that's correct. Right. And of the 20 years, I'd note that three years were spent as a fugitive from justice in the State of Texas. I'm really asking more about methodology once again, although a slightly different question than I was asking before, which is why are we looking at every crime this guy ever committed when there do not underlie the sentence? Because I think that suggested in the methodology that was proposed in Ewing and Andrade that the purpose of State recidivism laws is to punish prior criminals. I understand that, but the State could write a statute that says anybody who has 10 DUIs and two prior felonies gets 25 years, but it isn't the statute they wrote. They didn't learn the statute they wrote doesn't consider DUIs or misdemeanors or anything like that. So why are we looking beyond the policy that our legislature wrote to make some overall moral judgment of the guy rather than looking at that for which he was convicted under the State law? Because I think the question of whether this was an extreme and exceedingly rare case requires us to do that. But there's real tension between that and the notion that we're simply, that we should defer to the legislature's policy. The legislature's policy doesn't look at any of that stuff. Okay. All right. Go ahead. If we were to turn to the decisions, the past decisions of this Court, it's difficult for me to distinguish this, the case at Bench from Rios where there was a petty theft, but robbery strike priors involving weapons use by a co-defendant. Now, primary reliance is placed on Ramirez by appellant. In Ramirez, there was no prison sentence, as there was here, and as there was in Romo, Solem, Ewing, Estrada, Andrade. In Ramirez, there was no use of a weapon. In Ramirez, there was no state prison term. In Ramirez, there was not the extensive record of criminality that there is here, whether recognizing the Court's reservations about it. There is little or no distinction between Rios in this case. And given the underlying offense, which let me go so far as to suggest alone that Pryor would have not offended the Eighth Amendment. Do you happen to know how old Barboza was when he committed the priors? Excuse me? Do you happen to know how old Barboza was when he committed the priors? Do you have to know? Do we happen to know? Do we know? I think if I parsed the record, I could try and figure it out, but I do not know off the top of my head, Your Honor. Let me just say in conclusion, I do not think the Eighth Amendment would have been offended had Mr. Barboza received a life sentence for the incident involving the strikes. Shooting at police officers and shooting at an inhabited building. Okay. But that isn't what he was being – I mean, that seems – there's an underlying sort of double jeopardy problem here. That is not what he was being sentenced for. He had already served his time for that. Now he's being sentenced for .08 grams of methamphetamine or something. Well, failure to appear on that charge. Oh, you're right. Okay. Failure to appear. Correct. And what was his sentence for failure to appear? What would be the sentence for failure to appear? I believe it's a general felony, which would be 16 months, 2 years, and 3 years sentence range. And for the failure to appear, which certainly – I mean, it wasn't an escape or anything, right? It wasn't – so it didn't have any violent sense about that. It didn't show up. There were no violent overtones, but he absconded from the jurisdiction of the court for 3 years, which let me see – He didn't abscond from custody. No, he did not. And underlying that, there was a charge but not a conviction for methamphetamine. Is that right? I believe it was a plea bargain. I see. So the charge and conviction were actually for the failure to appear. Yes. That's the commitment offense, Your Honor. Okay. Unless the court has further questions. Thank you, Your Honor. Excuse me. With a word of caution, I became a lawyer because I don't do math, but I calculated I believe that he was 27 years old in 1980 at the time the priors were committed. Just one point. Are there any cases that you're aware of that have taken – given dispositive weight to the time lapse, to a time lapse like this? It's hard to say whether any of these cases give any dispositive weight to any single item. They look at so many different issues. In any case, it's cared about, the time lapse. I think so, yes. I mean, Ramirez, I think, put a lot of importance on the fact that there were 5 years. But he didn't do anything in between. This guy. That's correct. That's correct. What about my question of why are we looking at everything in between? I think Mr. Rosenbaum, on behalf of Mr. Montano, put it more eloquently than I can. But the way he talked about the tail wagging the dog is exactly the problem with the three strikes law. But I'm asking a slightly different question. Okay. She's talking about the consideration of all the petty stuff that took place in between the priors that are charged. That's right. I think it violates double jeopardy if we look at those other factors. He's already been punished. Well, more than that, it doesn't respect the – what bothers me is that it's not the legislature's policy. The legislature has not told us to look at that. That's not why they say he should be sentenced to more time. That's exactly right. And the legislature has told the superior courts that they can look to those things. But in exercising their judgment in a Romero motion under California Penal Code Section 1385, the superior court can dismiss priors in the interest of justice. That is a very broad abuse of discretion power where the court can look to the other things that Mr. Brosterhouse was talking about, the DUIs. So there is a method by which they can look at, but it's irrelevant. Let me ask this. I'm not from California. Yes. What's the import of those dismissals? How would it impact? I think that they don't. I think Judge Berzon is correct that as to the three strikes system in the Eighth Amendment analysis, those other things are irrelevant. But the answer, as I understand it, is that under Romero, because this was in question at the outset of the three strikes law, was whether or not the district judge can dismiss the allegation of priors and thereby preclude a three strikes sentence. And the answer is yes. And in doing so, we can consider these kinds of considerations. That's correct. And that's what the California legislature has given. That is the avenue that the California legislature has given. Because it means that this person would not be in his position or might not have been had the district judge had a basis for exercising his discretion to dismiss the priors, which would have depended on what he had done in the meanwhile, including misdemeanors and DUIs and so on. I think the superior court can take those into consideration in another avenue under another test, under the abuse of discretion test. I don't think that that should play a factor in the gross disproportionality test, which the Supreme Court has said this is how you look. The Supreme Court in Ewing and Andrade said the only thing that's clear about our Eighth Amendment precedent is the gross disproportionality principle. Has the Supreme Court in Ewing and Andrade looked at uncharged priors? Uncharged meaning ones that were not strikes or alleged strikes. I believe they did. In all frankness, I believe that both those courts did list them in the discussion of the history of the cases. But I don't believe that there was real emphasis on it in their holdings. And so we have any cases where the crimes took place very close together and were maybe a single event. Do we have any cases that say that that should not count as two but has to be counted as one? I believe if you look at the Federal Sentencing Guidelines, there are lots of regulations that the Sentencing Commission has promulgated to talk about when two separate crimes that are charged in a single proceeding should be counted as one for purposes of the criminal history categories. But I don't think that there is any – I'm not familiar with any case of this Court talking about California priors and how they're – And California law is clearly the contrary. California law definitely allows each to be counted as a strike. Unfortunately, that's correct, Your Honor, yes. Even if they arise directly out of the same incident. That's correct. Thank you. Thank you. Appreciate the argument. The case of Barbosa v. Carey is submitted.
judges: B. Fletcher, Berzon, Trager